IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATHAN LEE SOLOMON,

       *Petitioner,*

   v.

JASEN BOHINSKI, et al.,

       *Respondents.*

CIVIL ACTION
NO. 25-4885

## ORDER

**AND NOW**, this 19th day of May, 2026, upon consideration of petitioner Nathan Lee Solomon's Petition for a Writ of Habeas Corpus (Dkt. No. 2), respondents Jasen Bohinski, the Pennsylvania Board of Probation and Parole, the District Attorney of the County of Delaware and the Attorney General of the State of Pennsylvania's answer (Dkt. No. 10) and Solomon's reply (Dkt. No. 11), and after review of United States Magistrate Judge José Arteaga's Report and Recommendation (Dkt. No. 15), it is

**ORDERED**:

     1.  The Report and Recommendation is **ADOPTED**;[1]

---

[1]    Nathan Solomon claims the Pennsylvania Board of Probation and Parole violated his substantive due process rights when it denied him parole.  The Court adopts United States Magistrate Judge Arteaga's recommendation and denies Solomon's habeas petition with prejudice.

    In 1997, the Pennsylvania Board of Probation and Parole granted Solomon parole.  (Board Decision at 5–6, Dkt. No. 10-1.)  Two years later, he pled guilty to four counts of robbery, (Sentence Summary at 8–10, Dkt. No. 10-1), and the Board recommitted him, (Board Decision at 12–13, Dkt. No. 10-1).  In 2005, the Board granted Solomon parole again, (Board Decision at 15–17, Dkt. No. 10-1), but a year later, the Board recommitted him because he violated the terms of his release, (Board Decision at 19, Dkt. No. 10-1).

    In 2019, Solomon pled guilty to robbery and received a minimum seven-year sentence.  (Sentence Summary at 21–22, Dkt. No. 10-1.)  Six years later, in June of 2025, the Board denied Solomon parole citing his need to participate in institutional programs, unsatisfactory supervision history, risk to the community, lack of motivation for success, minimization of his crime, lack of remorse, repeated convictions and the nature of his crime.  (Board Decision at 24–25, Dkt. No. 10-1.)

    Solomon subsequently filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in federal court claiming the Board violated his substantive due process rights under the Fourteenth

2. Solomon's petition for a Writ of Habeas Corpus is **DENIED with prejudice**;

3. A certificate of appealability **SHALL NOT ISSUE**;[2] and

---

Amendment to the U.S. Constitution.  (Pet. for a Writ of Habeas Corpus, Dkt. No. 2.)  Specifically, he argues the Board "maliciously" denied parole, the Board's decision was "arbitrary" and "egregious" and the Board denied parole because he is black.  (Pet. for a Writ of Habeas Corpus at 8, 19); (Solomon's Reply at 1, Dkt. No. 11.)  The Court referred his petition to Magistrate Judge Arteaga for a report and recommendation.  28 U.S.C. § 636(b)(1)(B).  He recommends Solomon's petition be denied with prejudice because the Board's decision denying parole does not shock the conscience and nothing supports Solomon's belief that the Board denied parole on account of Solomon's race.  (R. & R., Dkt. No. 15.)  Magistrate Judge Arteaga gave Solomon two weeks to object to the report and recommendation and warned him that if he failed to object he may waive his right to do so.  (*Id.* at 16.)  Solomon did not heed this warning.

When a habeas petitioner fails to object to a magistrate judge's report and recommendation, the district court reviews for plain error.  *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007).  This standard asks whether the magistrate judge committed (1) an error (2) that was clear and (3) that affected the petitioner's substantial rights.  *Levya v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007).  The Court sees no error, let alone clear error, in Magistrate Judge Arteaga's report and recommendation.

Even if there is no state corrective process available to Solomon, he is not entitled to habeas relief.  Solomon must show he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a). "No State," the Fourteenth Amendment provides, shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  This language has a substantive component protecting individuals from the arbitrary actions of government officials. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  A state board's decision denying parole may violate substantive due process only if it shocks the conscience.  *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010).  A federal court may not "second-guess" a parole board if "there is some basis" for its decision.  *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

The Board's decision to deny Solomon parole does not shock the conscience.  Solomon earned parole in 1997 but a few years later he pled guilty to multiple counts of robbery which landed him back in prison.  He was paroled again but violated the terms of his release prompting the Board to recommit him.  Solomon pled guilty again to robbery in 2019.  And after serving about six years, the Board denied him parole, citing his need to participate in institutional programs, unsatisfactory supervision history, risk to the community, failure to demonstrate motivation, minimization of his crime, lack of remorse, repeated convictions and the nature of his crime.  In so doing, the Board evaluated the factors the Pennsylvania Legislature has directed it to consider when making parole decisions.  61 Pa. Stat. and Cons. Stat. Ann. § 6135(a); (R. & R. at 8–9.)  Because there was "some basis" for the Board to deny Solomon parole, it did not make a conscience-shocking decision.  *Coady*, 251 at 487.  And though Solomon believes the Board denied him parole because he is black, nothing in the record supports that accusation.  (R. & R. at 10–15.)

A court may deny a habeas petition with prejudice if it is meritless.  *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007).  Solomon's substantive due process claim is frivolous so the Court denies his petition with prejudice.  (R. & R. at 15.)

---

[2]    To appeal a final order in a habeas proceeding under 28 U.S.C. § 2254, a petitioner must obtain a certificate of appealability.  A district court may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c).  This requires the applicant to show that reasonable jurists could disagree about his constitutional claim.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Magistrate Judge Arteaga explained, reasonable jurists

4.   The Clerk of Court is **DIRECTED** to **CLOSE** this case.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

would not debate the Court's decision declining to grant Solomon relief on his substantive due process claim.  (R. & R. at 16 n.9.)